1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  PATRICK R. HOLLEY, SR.,                    No.  1:16-cv-01321-DAD-EPG

12              Plaintiff,

13      v.                                      ORDER GRANTING MOTION TO DISMISS

14  UNITED STATES OF AMERICA,                   (Doc. No. 4)

15              Defendant.

16

17          This action was originally filed by plaintiff, proceeding pro se, in Tulare County Superior

18  Court and removed here by defendant pursuant to 42 U.S.C. § 233(c).  (Doc. No. 1.)  As part of

19  the removal, the United States of America was substituted as defendant for the original

20  defendants, Dr. Firoozi and Family Healthcare Network.  (Doc. No. 2.)  Defendant United States

21  moved to dismiss on September 4, 2016, on the ground that this court lacks jurisdiction to hear

22  the matter because it has not yet been administratively exhausted with the Department of Health

23  and Human Services ("HHS").  (Doc. No. 4.)  No opposition to the pending motion to dismiss

24  was filed by plaintiff.  A hearing was held with respect to the pending motion on October 18,

25  2016.  Jeffrey Lodge appeared on behalf of defendant.  No appearance was made by plaintiff, or

26  by anyone purporting to act on plaintiff's behalf at the hearing.  For the reasons set forth below,

27  defendant's motion to dismiss will be granted.

28  /////

**Factual Background**

On April 18, 2016, plaintiff filed suit in Tulare County Superior Court on his own behalf, alleging as follows.  Plaintiff had seen Dr. Firoozi on September 2, 2015 for a "deep cleaning" procedure.  (Doc. No. 1 at 7, 9.)  During the procedure, plaintiff heard a scrape and then a "loud crack inside his jaw."  (Doc. No. 1 at 9.)  He subsequently developed pain and an infection, ultimately going to a hospital emergency room on September 6, 2015.  (Doc. No. 1 at 9–11.)  On September 9, 2015, plaintiff saw Dr. Firoozi again and was told that his wisdom tooth had broken in half.  (Doc. No. 1 at 11.)  Dr. Firoozi also told plaintiff he had missed a small crack in the wisdom tooth on a prior x-ray, and that he would not have performed the same procedure had he noticed the crack, because the procedure posed a risk of expanding the crack.  (Doc. No. 1 at 12.)  In his pro se complaint, plaintiff alleged various state law tort causes of action, including allegations of negligence, lack of informed consent, and dental malpractice.  (Doc. No. 1 at 13–22.)

**Legal Standard and Analysis**

Federal courts are courts of limited jurisdiction, and possess only such jurisdiction as authorized by the Constitution and statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Columbia Riverkeeper v. U.S. Coast Guard*, 761 F.3d 1084, 1091 (9th Cir. 2014).  The burden of establishing jurisdiction lies with the party asserting jurisdiction, and absent a demonstration otherwise, a cause of action is presumed to lie outside of that jurisdiction. *Id.*  Questions of subject matter jurisdiction are properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016).  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *see also Edison*, 822 F.3d at 517.  Further, "[t]he court need not presume the truthfulness of the plaintiff's allegations."  *Id.* (citing *White*, 227 F.3d at 1242); *see also Edison*, 822 F.3d at 517.

/////

The Federal Tort Claims Act, which waives the United States' sovereign immunity for tort actions, allows claimants to sue the government in district court after they have sought resolution of their claim with the appropriate federal agency.  *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).  This requirement to file an administrative claim is jurisdictional.  *Id.* (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)); *see also Vacek v. U.S. Postal Service*, 447 F.3d 1248, 1250 (9th Cir. 2006), *cert. denied* 550 U.S. 906 (2007).  Any waiver of sovereign immunity must be "strictly construed in favor of the United States."  *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (quoting *Cadwalder*, 45 F.3d at 300); *see also Vacek*, 447 F.3d at 1250.

Here, in his complaint plaintiff alleges various tort claims related to dental malpractice. Plaintiff also alleges in his complaint that, "[o]n September 17, 2015, Plaintiff also submitted his complaint to the U.S. Department of Health & Human Services, Office of the General Counsel, General Law Division, 330 Independence Avenue, S.W., Rm. 4760 Mail Stop: Capitol Place, Washington, DC 20301."  (Doc. No. 1 at 6.)  In support of their motion to dismiss, however, defendant submits an affidavit from Mary Christofferson, a staff attorney in HHS's Office of General Counsel, who recounts that her office has a claims branch and maintains a computerized database of administrative tort claims filed with HHS.  (Doc. No. 4-3 at 2.)  Ms. Christofferson declares that she searched the database and found no record of an administrative claim filed by plaintiff in relation to Family Healthcare Network or Hamed Firoozi.  (Doc. No. 4-3 at 2–3.) While the specific date of that search is not identified in the declaration, Ms. Christofferson signed her affidavit on July 12, 2016.  (Doc. No. 4-3 at 3.)  Defendant's attorney represented at hearing on the pending motion that Ms. Christofferson completed her database search on the date her affidavit was signed.  Defense counsel reported that he also notified plaintiff by letter that HHS had no record of plaintiff having exhausted the claims presented in this lawsuit administratively, but no response was received from plaintiff.  (Doc. No. 4-2 at 1, 4.)

While it is unclear whether the court has the discretion to stay the matter pending exhaustion, *see Valadez-Lopez*, 656 F.3d at 854–55; *see also Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1054–55 (9th Cir. 2013) (Kozinski, C.J., concurring), defense counsel stated at hearing on

the pending motion that the statute of limitations on plaintiff's claims should not run until approximately September 2017. This comports with the court's estimation, given the dates alleged by plaintiff in his complaint. See 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues."). Since it appears that plaintiff has sufficient time to administratively exhaust his claims prior to the running of the applicable statute of limitations, the court will dismiss this action without prejudice to its refiling following exhaustion rather than staying it and holding it in abeyance pending administrative exhaustion.

**Conclusion**

For these reasons, defendant's motion to dismiss due to plaintiff's failure to administratively exhaust his claims (Doc. No. 4) is granted. This case is dismissed without prejudice to its refiling following plaintiff's administrative exhaustion of his claims. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:   __October 24, 2016__          _____

UNITED STATES DISTRICT JUDGE

4